UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Narvin J. Jackson,

      Plaintiff,      **MEMORANDUM & ORDER**
                  22-CV-05377 (DG) (LB)
  -against-

Duane Reade,

      Defendant.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

  Plaintiff Narvin J. Jackson, proceeding *pro se*, commenced this action against Defendant Duane Reade pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634. *See generally* Complaint ("Compl."), ECF No. 1. By Order dated July 12, 2023 (the "July 12, 2023 Order"), the Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF No. 2; dismissed the Complaint for failure to state a claim on which relief may be granted; and granted Plaintiff leave to file an Amended Complaint by August 11, 2023. *See generally* July 12, 2023 Order. The July 12, 2023 Order, *inter alia*, (1) set forth that the Complaint, even liberally construed, did not allege facts to support a claim under the ADEA; (2) specifically noted that "the Complaint does not allege any facts about Plaintiff's age;" and (3) informed Plaintiff that if he failed to file an Amended Complaint by August 11, 2023 or filed one that did not comply with the July 12, 2023 Order, judgment dismissing this action shall be entered. *See generally* July 12, 2023 Order. Plaintiff thereafter requested an extension, *see* ECF No. 4, which request was granted, *see* ECF No. 5, and Plaintiff timely filed the Amended Complaint ("Am. Compl."), ECF No. 6, on September 11, 2023.

As set forth below, because the Amended Complaint fails to cure the deficiencies in Plaintiff's Complaint and fails to plausibly state a claim, the Amended Complaint must be dismissed.

## STANDARD OF REVIEW

To survive dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, where, as here, a *pro se* plaintiff is proceeding *in forma pauperis*, a district court must dismiss the plaintiff's complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In determining whether to dismiss, the court must "accept all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679); *see also Leybinsky v. Iannacone*, No. 97-CV-05238, 2000 WL 863957, at *1 (E.D.N.Y. June 21, 2000) ("For purposes of considering a dismissal under 28 U.S.C. § 1915(e)(2), the allegations in the complaint must be taken as true.").

## DISCUSSION

The Amended Complaint, like the original Complaint, is brought pursuant to the ADEA and alleges retaliation. *See* Am. Compl. at 3-4; Compl. at 3, 6.[1] The Amended Complaint does not, however, allege facts to support a claim under the ADEA. *See* 29 U.S.C. § 623. Notably, although the Amended Complaint contains certain allegations regarding Plaintiff's work environment that were not contained in the original Complaint, *see* Am. Compl. at 8-9, the Amended Complaint, like the original Complaint, does not allege any facts about age – Plaintiff's or anyone else's, *see generally* Am. Compl.

Because the Amended Complaint, even liberally construed, fails to plausibly state a claim, the Amended Complaint, ECF No. 6, is dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and to close this case. The Clerk of Court is further directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated: February 7, 2024
       Brooklyn, New York

---

[1] In citing to Plaintiff's filings, the Court refers to the page numbers generated by the Court's electronic case filing system ("ECF").

3